## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **S.G., a minor, by and through his guardians and next friends, TAMARA GREENE and VINCENT GREENE** | : Case No. _____ |
| and | : Judge _____ |
| **TAMARA GREENE** | : **COMPLAINT FOR DAMAGES** |
| and | : |
| **VINCENT GREENE** | : **[DEMAND FOR JURY TRIAL]** |
| Plaintiffs, | : |
| v. | : |
| **EDUCATION ALTERNATIVES** | : |
| and | : |
| **APRIL L. JOHNSON** | : |
| and | : |
| **GERALD SWARTZ** | : |
| and | : |
| **CHRISTINE SWARTZ** | : |
| and | : |
| **MICHAEL KEARNEY** | : |
| and | : |
| **JOHN DOE DEFENDANTS Nos. 1 to 2,** | : |
| Defendants. | : |

Now come Plaintiffs TAMARA GREENE, VINCENT GREENE, and S.G., a minor by and through his parents and co-guardians TAMARA GREENE and VINCENT GREENE (hereinafter "S.G.") and for their Complaint allege as follows:

## JURISDICTION AND VENUE

Jurisdiction over Plaintiffs' federal law claims is founded upon 28 U.S.C. § 1331 [federal question jurisdiction], 28 U.S.C. § 1343(a)(3)-(4) [federal civil rights jurisdiction], and 28 U.S.C. § 1367 [supplemental jurisdiction]. Venue is proper within this judicial district and division pursuant to 28 U.S.C. § 1391(b) and Local Rule 3.8, as (i) the Defendants are situation within this judicial district and division; (ii) Plaintiffs reside in within this judicial district and division, and (iii) all of the claims asserted by Plaintiffs arose within this judicial district and division.

## PARTIES

1. Plaintiffs TAMARA GREENE and VINCENT GREENE are husband and wife, and reside at 5742 Michael Drive, Brook Park, Cuyahoga County, Ohio. They bring this action on their own behalf and as the parents and guardians for their son, S.G.

2. Plaintiff S.G. is a minor and resident of Cuyahoga County, Ohio.

3. The Defendant EDUCATION ALTERNATIVES ("EA") is a non-profit corporation organized under Chapter 1702 of the Ohio Revised Code, with its primary office located at 7777 Exchange Street, Suite 4, in Valley View, Cuyahoga County, Ohio 44125. Upon information and belief, EA receives substantial direct and indirect federal financial assistance.

4. Defendant APRIL JOHNSON of 6811 Mayfield Road, Apt. 1083, Mayfield Heights, Cuyahoga County, Ohio ("JOHNSON") is or was a teacher employed by EA. All

actions alleged herein by JOHNSON were in the course and scope of her employment with EA. As such, EA is vicariously liable for the actions of JOHNSON alleged herein.

5. Defendant GERALD SWARTZ of 8910 Stony Point Drive, Cleveland, Cuyahoga County, Ohio ("MR. SWARTZ") is the Executive Director of EA. All actions alleged herein by MR. SWARTZ were in the course and scope of his employment with EA. As such, EA is vicariously liable for the actions of MR. SCHWARTZ alleged herein.

6. Defendant CHRISTINE SWARTZ of 8910 Stony Point Drive, Cleveland, Cuyahoga County, Ohio ("MRS. SWARTZ") is the Clinical Director of EA. All actions alleged herein by MRS. SWARTZ were in the course and scope of her employment with EA. As such, EA is vicariously liable for the actions of MRS. SWARTZ alleged herein.

7. Defendant MICHAEL KEARNEY ("KEARNEY") is the Operations Director of EA. Upon information and belief, KEARNEY resides in Cuyahoga County, Ohio. All actions alleged herein by KEARNEY were in the course and scope of his employment with EA. As such, EA is vicariously liable for the actions of KEARNEY alleged herein.

8. The true names and capacities of defendants sued as JOHN DOE DEFENDANTS 1 through 2 ("DOES 1 through 2") are unknown to Plaintiffs and Plaintiffs pray leave to amend to allege the true names and capacities when they are ascertained.

9. At all relevant times set forth herein, all Defendants acted in concert as the agent of one another.

## FACTUAL ALLEGATIONS

10. EA operates several special needs schools, and contracts its services to public school districts in Ohio.

3

11. S.G. suffers from Attention Deficit Hyperactivity Disorder, Oppositional Defiant Disorder, Persuasive Development Disorder Not Otherwise Specified, Mood Disorder and Separation Anxiety.

12. TAMARA GREENE and VINCENT GREENE are S.G.'s mother and father respectively. During all relevant times herein, S.G. lived with TAMARA GREENE and VINCENT GREENE.

13. S.G. resides within the Berea City School District in Cuyahoga County, Ohio.

14. Because of his disabilities, S.G. has received special education services from the Berea City School District.

15. EA contracted with the Berea City Schools to provide special education to S.G. according to his Individual Education Plan ("IEP").

16. In the summer of 2014, S.G. attended EA's summer school in Willoughby Hills, Ohio.

17. At all relevant times herein, EA had authority over how S.G. was treated while he attended EA schools.

18. EA's various promises to supervise and educate S.G. are identified in its various handbooks and other literature which imposes contractual duties upon EA.

19. Defendants MR. SWARTZ, MRS. SWARTZ, and KEARNEY, upon information and belief, are responsible for the supervision and training of the staff at EA, including JOHNSON and DOES 1 through 2.

20. JOHNSON was hired, trained, and supervised by EA and/or the other named Defendants.

21. DOES 1 through 2 were hired, trained, and supervised by EA and/or the other named Defendants.

22. Defendants EA, MR. SWARTZ, MRS. SWARTZ, and KEARNEY knew or should have known that JOHNSON became angered and/or had a propensity for violence based on events that occurred prior to July 1, 2014, yet these Defendants continued to employ JOHNSON and continued to assign JOHNSON to supervise the behavior of special needs students attending EA, including S.G.

23. Prior to July 1, 2014, S.G., while suffering from the above-mentioned psychological conditions, continued to progress through educational studies and continued to learn how to cope with his psychological conditions.

24. On July 1, 2014. S.G. attended E.A.'s Willoughby Hills' school, where he was placed in a computer lab with several other students supervised by JOHNSON for a portion of the school day.

25. Near the end of the time scheduled for the computer lab, JOHNSON instructed S.G. that it was time to leave the class, but S.G. told JOHNSON that class wasn't over.

26. JOHNSON insisted that class was over, and S.G. said he wasn't ready to leave, and stated "fuck you."

27. JOHNSON then rapidly approached S.G. who was sitting with his back to JOHNSON facing his computer.

28. JOHNSON then reached her hand in front of S.G. to shut off his computer, at which point S.G. placed his hand in front of the power switch to prevent JOHNSON from turning off the computer.

29. At this point JOHNSON grabbed S.G.'s right wrist with her left hand and yanked S.G.'s right arm upwards pulling S.G. out of his chair. JOHNSON then placed her right hand around S.G's throat and forcefully slammed him backwards over his chair and to the floor.

30. S.G. began crying hysterically when he hit the ground as JOHNSON stood over him. S.G. rose to his feet and grabbed the chair he had been toppled over and swung it towards JOHNSON. JOHNSON meanwhile approached S.G. deflected the chair, then grabbed S.G. around the collar and forced him approximately 25 feet across the room until she pinned him against the wall. S.G. screamed hysterically throughout the altercation.

31. At that point, DOE 1 entered the room and forced S.G. to the ground as he cried hysterically, and then placed a knee on S.G.'s chest and pinned down S.G.'s arms.

32. Although S.G. did not attempt to kick his legs whatsoever, DOE 2 entered the room and placed his knee in S.G.'s stomach causing S.G. to scream out in pain, then Doe 2 wrapped his arms around S.G.'s legs.

33. None of the actions of JOHNSON and DOES 1 through 2 were appropriate measures of intervention under the circumstances.

34. Each of the Defendants JOHNSON, DOE 1, and DOE 2 applied unnecessary and unreasonable force to S.G., causing S.G. physical harm.

35. As a direct and proximate result of the foregoing altercation, S.G. suffered physical injuries, as well as severe emotional trauma and distress, including post-traumatic stress syndrome.

36. The severe emotional trauma and distress suffered by S.G. has caused a severe regression in his behavior, his ability to cope with his psychological issues, and his ability to attend schooling.

37. The severe emotional trauma and distress caused by Defendants to S.G. has further caused S.G.'s relationship with his family, including TAMARA GREENE and VINCENT GREENE to rapidly deteriorate. S.G. has acted out at home, become violent towards family members, is unable to sleep, has failed to maintain personal hygiene, and often refuses to attend schooling.

38. Given his stage of development, S.G. believes that his parents were aware of the abuse he suffered at EA and were permitting it to happen. The abuse and the failure by the Defendants to properly care for S.G. has interfered with the bond between S.G. and his parents and will cause psychological harm for both S.G. and his parents in the future.

39. Due to the severe emotional distress and trauma suffered by S.G., TAMARA GREENE has had to quit her job to care for S.G. TAMARA GREENE and VINCENT GREENE have further suffered severe emotional distress as a result of the injuries inflicted upon S.G. by Defendants and due to S.G.'s behavior towards TAMARA GREENE and VINCENT GREENE caused by his severe emotional distress and trauma.

40. S.G.'s condition would have continued to improve had he not suffered the severe emotional distress and trauma at the hands of the Defendants.

41. All of the Defendants were acting in furtherance of their employer, EA, at all relevant times.

42. EA knew or should have known that JOHNSON had a propensity to be angered and react violently towards students such as S.G.

7

43. EA knew or should have known that its employees, including without limitation the Defendants named herein, were not properly trained to care for S.G.

44. The allegations set forth herein are based on the limited information available to Plaintiffs and do not constitute the full extent of the abuse endured by S.G.

45. As a further proximate result of Defendants' actions as alleged herein, S.G. has suffered physical injuries and pain and emotional distress and suffering. Plaintiffs have suffered emotional distress and suffering as a result of the conduct of Defendants as herein above described.

46. As a further proximate result of Defendants' actions as alleged herein, Plaintiffs have incurred and will continue to incur medical expenses.

47. Defendants' conduct was malicious and/or in reckless disregard of the Plaintiffs' rights.

## FIRST CLAIM FOR RELIEF
### (Violation of § 504 of the Rehabilitation Act of 1973; S.G. vs. EA)

48. Plaintiffs incorporate by reference the preceding paragraphs of this Complaint.

49. Plaintiffs are informed and believe and therefore allege that EA is and has been at all relevant times the recipient of federal financial assistance, and that EA is therefore subject to the provisions of 29 U.S.C. § 794 that prohibits recipients of federal financial assistance from denying equal access to its services to disabled persons.

50. By their actions or inactions in denying equal access to educational services and by subjecting S.G. to a hostile educational environment, EA has violated S.G.'s rights under § 504 of the Rehabilitation Act of 1973, 29 U.S.C § 794, and the regulations promulgated thereunder.

8

51. EA knows that special needs children such as S.G. require highly specialized instruction and have a legal entitlement to equal access to a public education. Notwithstanding that knowledge, EA, with deliberate indifference, deprived S.G. of those rights and discriminated again him based on his disabilities.

52. As a result of the Defendants' failure to comply with their duty under § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, and the regulations promulgated thereunder, S.G. has suffered damages including special and general damages according to proof.

## SECOND CLAIM FOR RELIEF
### (Assault; S.G. v. JOHNSON and DOES 1 through 2)

53. Plaintiffs incorporate by reference the preceding paragraphs of this Complaint.

54. Defendants acted with the intent to create a state of fear or danger of harm or offensive contact in S.G.

55. S.G. had a reasonable belief that he would be subject to harm or offensive contact by Defendants.

56. Defendants' conduct towards S.G. was harmful and offensive.

57. As a direct and proximate result of the foregoing actions by Defendants toward S.G., S.G. has suffered damages as alleged heretofore.

58. As a direct, proximate and foreseeable result of Defendants' actions as alleged herein, S.G. has suffered physical injuries and pain and severe emotional distress and suffering.

59. As a further proximate result of Defendants' actions as alleged herein, Plaintiffs have incurred and will continue to incur medical and other miscellaneous expenses.

### THIRD CLAIM FOR RELIEF
### (Battery; S.G. v. JOHNSON and DOES 1 through 2).

60. Plaintiffs incorporate by reference the preceding paragraphs of this Complaint.

61. In their actions towards S.G., Defendants engaged in the intentional touching of or application of force to S.G.'s body and did so in a harmful or offensive manner, and without consent.

62. The use of force, as alleged herein, by Defendants against S.G. constituted a battery.

63. As a proximate result of Defendants' illegal battery, S.G. has suffered damages as alleged herein.

64. As a direct, proximate and foreseeable result of Defendants' actions as alleged herein, S.G. has suffered physical injuries and pain and severe emotional distress and suffering.

65. As a further proximate result of Defendants' actions as alleged herein, Plaintiffs have incurred and will continue to incur medical and other miscellaneous expenses.

### FOURTH CLAIM FOR RELIEF
### (Intentional Infliction of Emotional Distress;
### All Plaintiffs v. All Defendants)

66. Plaintiffs incorporate by reference the preceding paragraphs of this Complaint.

67. The actions of Defendants as alleged herein were extreme, outrageous, malicious, and intended to and did inflict severe emotional distress and humiliation upon Plaintiffs.

68. The unwarranted attack on S.G. is so extreme as to go beyond all possible bounds of decency and is utterly intolerable in a civilized community.

69. S.G. suffered psychic injury as a direct and proximate result of Defendants' actions.

70. The mental anguish suffered by S.G. is serious and of a nature that no reasonable person could be expected to endure it.

71. As a proximate result of Defendants' intentional acts, Plaintiffs have incurred damages.

72. As a direct, proximate and foreseeable result of Defendants' actions as alleged herein, S.G. has suffered physical injuries and pain and severe emotional distress and suffering.

73. As a further proximate result of Defendants' actions as alleged herein, Plaintiffs have incurred and will continue to incur medical expenses and other miscellaneous expenses.

### FIFTH CLAIM FOR RELIEF
### (Failure to report known or suspected child abuse, R.C. 2151.421; S.G. vs. All Defendants)

74. Plaintiffs incorporate by reference the preceding paragraphs of this Complaint.

75. Each of the individually named Defendants is subject to the mandatory reporting requirements of R.C. § 2151.421(A), *et seq.*

11

76. R.C. § 2151.421(M) provides that whoever violates R.C. § 2151.421(A) is liable for compensatory and exemplary damages to the child who would have been the subject of a report that was not made.

77. Defendants failed to report the abuse on S.G. to the proper authorities.

78. S.G. is entitled to damages from Defendants as a direct and proximate result of Defendants' failure to report their abuse of S.G.

### SIXTH CLAIM FOR RELIEF
### (Loss of consortium; TAMARA GREENE and VINCENT GREENE v. All Defendants)

79. Plaintiffs incorporate by reference the preceding paragraphs of this Complaint.

80. S.G. suffered physical injuries and emotional and sensory regression as a result of Defendants' actions described herein.

81. As a direct and proximate result of the conduct of the Defendants, TAMARA GREENE and VINCENT GREENE have been damaged due to the deprivation of the services, society, companionship, comfort, love, solace, and affection of their child, S.G., and are entitled to recover for their loss of consortium in an amount to be proven at trial.

82. As a further proximate result of Defendants' actions as alleged herein, Plaintiffs have incurred and will continue to incur medical expenses and other miscellaneous expenses.

### SEVENTH CLAIM FOR RELIEF
### (Deliberate indifference to training and ratification; All Plaintiffs v. All Defendants)

83. Plaintiffs incorporate the preceding paragraphs of this Complaint.

84. EA was deliberately indifferent to S.G.'s rights by failing to promulgate a policy to properly train JOHNSON, DOES 1 through 2, and other employees to prevent the unlawful mistreatment of S.G.

85. Defendants were deliberately indifferent to S.G.'s rights by failing to adhere to any policies promulgated by EA to prevent the unlawful mistreatment of S.G.

86. As a direct and proximate result of the deliberate indifference to training relative to S.G.'s rights, S.G.'s rights were violated and he has suffered physical injuries and pain and severe emotional distress and suffering.

87. As a further proximate result of Defendants' actions as alleged herein, Plaintiffs have incurred and will continue to incur medical expenses and other miscellaneous expenses.

### EIGHTH CLAIM FOR RELIEF
### (Negligent supervision; All Plaintiffs v. All Defendants)

88. Plaintiffs incorporate the preceding paragraphs of this Complaint.

89. EA employed JOHNSON, DOES 1 through 2, and other employees to supervise and educate S.G.

90. EA, through its employees, agents and representatives through the exercise of reasonable care knew or should have known that their employees were abusing and otherwise harming S.G.

91. At all relevant times, EA, through its employees, agents and representatives had a duty to use reasonable care in supervising employees, including but not limited to Defendants JOHNSON and DOES 1 through 2.

92. Johnson and other employees incompetently performed their duties as employees of EA relative to their treatment of S.G.

93. EA knew, or should have known, that its employees, including without limitation JOHNSON, and DOES 1 through 2, incompetently performed their duties, including without limitation, their application of crisis intervention techniques.

94. EA, MR. SWARTZ, MRS. SWARTZ, and KEARNEY knew that JOHNSON had a propensity to become angered by students yet allowed her to supervise students anyway.

95. Nevertheless and wholly unmindful of the foregoing, Defendants breached this duty by failing to adequately supervise employees which resulted in their abuse of S.G. as set forth herein.

96. The incompetence of EA's employees, including without limitation JOHNSON, and DOES 1 through 2, caused S.G.'s injuries.

97. EA, MR. SWARTZ, MRS. SWARTZ, and KEARNEY were negligent in supervising JOHNSON, and DOES 1 through 2.

98. As a direct, proximate and foreseeable result of Defendants' action as alleged herein, S.G. has suffered physical injuries and pain and severe emotional distress and suffering.

99. As a further proximate result of Defendants' actions as alleged herein, Plaintiffs have incurred and will continue to incur medical expenses and other miscellaneous expenses.

### NINTH CLAIM FOR RELIEF
### (Negligent Hiring and Retention; All Plaintiffs v. All Defendants)

100. Plaintiffs incorporate the preceding paragraphs of this Complaint.

101. EA employed JOHNSON, DOES 1 through 2, and other employees to supervise and educate S.G.

102. At all relevant times, EA through its employees, agents and representatives knew or should have known that its employees would and/or had abused and harmed S.G. as alleged herein.

103. Further, EA did in fact learn of the JOHNSON'S propensity to become angered and harm or potentially harm students at EA, including S.G.

104. Johnson and other employees incompetently performed their duties as employees of EA relative to their treatment of S.G.

105. EA knew, or should have known, that its employees, including without limitation JOHNSON, and DOES 1 through 2, incompetently performed their duties, including without limitation, their application of crisis intervention techniques.

106. EA, MR. SWARTZ, MRS. SWARTZ, and KEARNEY knew that JOHNSON had a propensity to become angered by students yet allowed her to supervise students anyway.

107. At all relevant times, EA, through its employees, agents and representative had a duty to use reasonable care in hiring and retaining employees, including but not limited to KEARNEY, JOHNSON, and DOES 1 through 2.

108. Nevertheless and wholly unmindful of the foregoing, Defendants breached these duties by hiring Defendants KEARNEY, JOHNSON, and DOES 1 through 2 when they knew or should have known that Defendants would abuse and/or harm S.G. and by retaining these employees after they knew or should have known that they had or were likely to harm S.G. and other students.

109. As a direct, proximate and foreseeable result of Defendants' actions as alleged herein, S.G. has suffered physical injuries and pain and severe emotional distress and suffering.

110. As a further proximate result of Defendants' actions as alleged herein, Plaintiffs have incurred and will continue to incur medical expenses and other miscellaneous expenses.

### TENTH CLAIM FOR RELIEF
### (Negligence; All Plaintiffs v. All Defendants)

111. Plaintiffs incorporate the preceding paragraphs of this Complaint.

112. Defendants owed Plaintiffs a duty to exercise reasonable care in their interactions with them. These Defendants failed to exercise reasonable care in their actions as alleged herein.

113. As a proximate result of Defendants' negligent acts, Plaintiffs have incurred damages as alleged heretofore.

114. As a direct, proximate and foreseeable result of Defendants' actions as alleged herein, S.G. has suffered physical injuries and pain and severe emotional distress and suffering.

115. As a further proximate result of Defendants' actions as alleged herein, Plaintiffs have incurred medical expenses and other miscellaneous expenses.

### ELEVENTH CLAIM FOR RELIEF
### (In Loco Parentis; All Plaintiffs v. All Defendants)

116. Plaintiffs incorporate the preceding paragraphs of this Complaint.

117. At all relevant times, while S.G. was in school at EA, he was deprived on the protection of his parents.

118. Defendants, including teachers, instructional aides and administrative officers of the EA school maintained a special relationship with S.G. while S.G. was in their custody and Defendants were required to give him protection which the custody had deprived him and to provide him with reasonable supervision.

119. Teachers, instructional aides and/or administrative officers of the EA school were aware that S.G. was victim of abuse but none of the Defendants provided reasonable protection or supervision to prevent and/or cease the abuse.

120. Plaintiffs were harmed by this failure in that the minor, S.G., was abused and otherwise harmed as set forth herein and his parents were not able to provide appropriate and timely comfort, counseling, and treatment.

121. As a direct, proximate and foreseeable result of Defendants' actions as alleged herein, S.G. has suffered physical injuries and pain and severe emotional distress and suffering.

122. As a further proximate result of Defendants' actions as alleged herein, Plaintiffs have incurred and will continue to incur medical expenses and other miscellaneous expenses.

### TWELFTH CLAIM FOR RELIEF
### (Breach of Contract; All Plaintiffs v. EA)

123. Plaintiffs incorporate the preceding paragraphs of this Complaint.

124. EA contracted with the Berea City Schools to provide services to S.G. according to his IEP.

125. Plaintiffs were intended third-party beneficiaries of said contract.

126. EA contracted with Plaintiffs, pursuant to their handbook and other literature, to supervise and educate S.G.

127. EA breached the aforementioned contracts by subjecting S.G. to the unwarranted and unlawful conduct described herein.

128. Plaintiffs have suffered damages as direct, proximate and foreseeable breach of said contracts, and have incurred expenses to provide Plaintiffs the services that were not rendered under said contracts.

### THIRTEENTH CLAIM FOR RELIEF
### (Respondeat Superior; All Plaintiffs v. All Defendants)

129. Plaintiffs incorporate the preceding paragraphs of this Complaint.

130. At all times material hereto, the employees of EA were employees, agents, servants of EA and were in the course and scope of their employment and in furtherance of their employer's business.

131. As a result, EA is directly responsible for the actions of its employees, servants, or agents working at EA, including the above-described actions of Defendants JOHNSON, and DOES 1 through 2 under the doctrine of respondeat superior.

### JURY DEMAND

Plaintiffs hereby demand that this matter be tried to a jury.

### PRAYER

WHEREFORE, Plaintiffs pray for judgment as follows:

1. Compensatory damages to Plaintiffs for injury, emotional distress and for medical expenses;
2. Enhanced compensatory and punitive damages against the Defendants, and each of them;
3. Attorney's fees, interest and costs; and
4. Such other and further relief as the court deems just and proper.

Respectfully submitted,

_____
Christopher P. Finney (OH Bar # 0038998)
Bradley M. Gibson (OH Bar # 0087109)
FINNEY LAW FIRM, LLC
4270 Ivy Pointe Blvd., Suite 225
Cincinnati, Ohio 45245
(513) 943-6661
(513) 943-6669 (fax)
Brad@FinneyLawFirm.com

*Attorneys for Plaintiffs*

To be admitted *pro hac vice*:

Peter W. Alfert, SBN 83139
Hinton Alfert & Kahn LLP
200 Pringle Ave., Suite 450
Walnut Creek, California 94596
(925) 279-3009
(925) 279-3342 (fax)

Todd Boley, SBN 64119
1212 Broadway, 16th Floor
Oakland, California 94612
(510) 836-4500
(510) 649-5170 (fax)